And the next case on our agenda is number seven, number one, two, eight, four, seven, four people in the state of Illinois, which is Brian and Brusaw. Council for the. May it please the court. My name is Nick Moeller of the Attorney General's office on behalf of the people. There are several avenues we have to go through today before we get to the underlying claim because of the unusual nature with which defendant brought his claim to both the circuit court and the appellate court. The first I would like to address is waiver, because if this court were to find a waiver, the analysis stops there. Plain error does not apply to waiver and the court need go no further. The type of waiver we're talking about today is acquiescence, that through his actions defendant either. Counsel, are you talking about forfeiture or waiver? I am first talking about waiver, Your Honor, although there was also a forfeiture in this case, the difference being waiver requires an affirmative action by defendant, whereas he also failed to act in a manner that forfeited the issue. But addressing waiver first, the affirmative acts that were taken have to be seen as either agreeing to or inviting the error in some way for waiver to be accomplished. And in order to see if that's what defendant did here, it's important to look at the entire context of proceedings below. What happened was defendant filed a pro se motion for substitution of judge. Typically these motions are not deemed properly filed before the court if a litigant has representation. Let's talk about this hybrid representation, which of course is a nightmare at the circuit court level. You have someone who's been appointed counsel and they're acting on their own. Is there something different about a motion of this nature that makes that appropriate for a defendant to act on his own behalf outside of what his counsel has done? No, Your Honor. The hybrid representation bar applies in Illinois to keep specifically things like this from happening, from the court having to decide between something a pro se or something an individual has filed pro se versus the actions of the representative they've chosen to take on. The only exception this court and the appellate court have made to the hybrid representation bar is that in instances of ineffective assistance of counsel, there's an accepted conflict between making or conflict in making counsel argue that they themselves have acted deficiently. With respect to Krankel? Yes, Your Honor. And so that is the only exception that anyone in this case, or at least in the case I'm aware of, that has been made to the hybrid representation bar. And it does not apply here because counsel or because defendant has not raised an ineffective assistance claim. What should have happened? I guess in thinking about that, if I were confronted with that, should we have had a situation where the trial court perhaps brought it to the attention of counsel and asked counsel if counsel wanted to adopt the motion or is the motion stricken? How should that work? I think what happened below is a pretty good example of how it should happen, although there could have been more explicit words. Because the motion was actually called before the court. Defense counsel had an option to talk about it. And ask to continue it. And ask the court not to decide it at that point but to continue it. And so the error that's being complained of, that this motion wasn't ruled upon or acted upon in some fashion, was the direct result of defendant through their agent counsel saying, don't act upon this right now. Then what should be inferred from the record is counsel then has time to go back. They discuss with their client. We don't know what they discussed. But from that point on, counsel doesn't adopt the motion. Neither defendant nor counsel make any further reference to it. And then later on, defendant chooses to have a bench trial before the very judge who was challenged. So to say that while there's not an explicit phrase of I waive this error, what defendant has essentially told the court is we're not moving forward on this motion. I'd like to move forward with a trial before you. And while that motion to waive or the pleading that waived the jury trial did not specifically call out Judge Jones in the talking about it, it clearly was meant to because in bringing that waiver to the court, defendant at the same time said, and when is a good time for you, Your Honor, for this trial? So all these actions put together show that defendant specifically through defense counsel took the actions that made the court not rule or act upon the underlying motion. That means he has waived any error that occurred, therefore, and that we need not go further to plain error because plain error does not apply in waiver situations. And he said... What, if anything, should the trial judge have done differently? I mean, we know that when this type of motion is filed, the trial court is not to take any further action on the case. So where does that leave us? Was there some responsibility on the trial court judge to do something different? Best practices, the only thing I can think of is the court could have been more explicit, Your Honor, and once counsel said, please don't rule upon this, then either brought it up to a sponte at the next hearing or asked for a clear, explicit waiver. But, of course, that's asking a lot of the court, and that comes into the forfeiture argument in an aspect of there are two objections need to be made to preserve an error in State courts, in Illinois courts, both the contemporaneous objection and the post-trial motion. In the case like this where the error complained of is that a motion is not acted upon, that contemporaneous objection takes the form of the abandonment doctrine. And so under the abandonment doctrine, no, the court has no obligation to go back to a defendant and say, are you sure about that motion we didn't rule upon that's still sitting there? The burden is purely on defendant to raise that motion and to look for some definitive ruling upon it. Counsel, why is that asking a lot of the court? I'm sorry, I didn't hear you. Why is that asking a lot of the court? You get this motion. I think I'm a circuit judge. I'm going to act on it immediately. Whoa, we've got a red flag here. I don't quite get that. From one aspect, just you're talking about a general rule, Your Honor, and therefore there are lots of motions filed. There are problems with dockets. There are problems with the way things are filed. So the person in the best place to know what is filed and what needs to be ruled upon is the person who has filed something or wants a ruling. In this specific context, it's even more of an issue, because if this Court were to start allowing pro se litigants who are represented by a party to add to those routine motions with now a slew of pro se, unexperienced, I'll say, motions to the docket, it just leads to a large, a great quantity of documents. And again, the question is who's best to decide, who's best to remember if something has fallen through the cracks. And it's the person who has a vested interest in it. And it correlates with how forfeiture works as a whole, that if defendant wants the court to do something, it is defendant's obligation to ask the court. And to the effect that the court doesn't give them a ruling, they need to, they still need to ask for it, for the court to say, no, I'm not going to give you a ruling, because they are in the best position to do so. Thank you. Counsel, does the record show when the trial court first saw this motion? I do not know when the, no, Your Honor, because it would have been whenever the court would have looked at their docket, I assume. What it does show is when it's called for the hearing, which could have been the first time the court knew of the motion, and that's the hearing at which defense counsel asks to continue it. So I'm unaware. We don't know what, you know, what does it mean to file a letter to the clerk's office, how is that brought before the court? I mean, there's a lot of things we don't know about the process of what happened here, except that we know there was a hearing, and that's when the colloquy happened with the lawyer who said, asked for a continuous for another hearing. Yes, there's nothing. There's nothing we really know. There's nothing in the record before counsel says, don't decide this now. It's a preliminary determination of whether the motion even complies with the statute, correct? Yes, getting into whether or not, I believe, Your Honor, it's getting towards the self-executing debate between the parties about whether the abandonment principle applies to these specific motions. And as an initial matter, I'd just like to point out that this discussion is largely academic, because, again, you need two objections to preserve an error, and the parties do not disagree that the second, the post-trial motion claim was never raised, and the appellate court also agreed that there was forfeiture here for that reason. But to address Your Honor's question, self-executing is a term that we don't need to get into, because both parties agree there needs to be some determination by the court before a motion for substitution is effective, because if someone doesn't follow the rules of how those motions are supposed to go, that doesn't transfer the case. And so some action needs to be taken by the court. And for that, because of the abandonment doctrine saying, well, if defendant wants the court to take some action, it must ask the court and remind the court to take that action. Defendant's failure to do that here means they abandon their motion and forfeit it for that reason. Counsel, let me take you back a little bit. Does the actual filing of the motion, because Section 115 5A gives an absolute right to one substitution, can you conclude that merely filing the motion requires the judge to act? The filing of the motion requires the judge to act in determining whether the motion is valid. Where the abandonment principle comes in is based on the abandonment doctrine. It already assumes the court was supposed to act on something that was filed and hasn't done it for some reason, whether it's to take the most benign, it fell off the docket somehow. It just didn't get to the court's attention. So it's already been missed by the court once. The abandonment principles then say, well, defendant, you have to, or State, if it's the State motion and something, party that wants this done, you have to remind the court to get them to do something. And so because this, the motion can't act self-executing in the sense that otherwise motions that were invalid, motions that were late, motions that didn't name a specific judge, motions that didn't contain the required assertion at the judge's prejudice. If we were to say this somehow acts before the judge ever sees it, then there would be no time and no way to ever say, wait, that shouldn't have happened, because there's no court action. Okay. A follow-up question. After the attorney said he wanted to pass for another time, was it ever raised ever again? No, Your Honor. It was never raised again, and then it was the next thing that could be seen to be related is the actual request to have the challenged judge oversee the trial as fact finder. And so there's no way for the trial court to have thought anything happened beyond defense counsel finally got a chance to talk to defendant about the pro se motion, and they decided not to move forward. That was the inference available to the court from the record. Counsel, given the fact that we had the defendant file the motion pro se, although he was represented by counsel, was it a valid motion before the court that the court needed to recognize? If it had been properly filed, Your Honor. If counsel had been. Sorry, I missed. Right. So, no, it wasn't properly filed. We know the defendant filed the motion even though he was represented by counsel. So, for instance, when I was at the circuit court level, if I received a motion filed by the defendant who was represented by counsel, then a docket entry is usually placed on saying that, you know, we don't allow hybrid representation. This motion is not legitimate. The court will not consider it. Did we get past that point here? The trial court did not make that specific finding, but they didn't need to because the bar exists. So I don't believe the trial court is required, although that is helpful to make such a finding that the filing be stricken. They're not required to do so. And so the State's position is that this filing, although physically before the court in some sense, was never legally before the court. And so once we get to the actual discussion of whether error occurred, the State says it didn't because there was no filed motion to be ruled upon. So beyond waiver and forfeiture, your position is that this motion was not legitimately before the court because the defendant filed it pro se while being represented by counsel. Is that also your position? Yes, Your Honor. And I think that dovetails into past forfeiture. The only way to get past it for defendant is to go through the plain error analysis. The appellate court chose to instead just excuse the forfeiture because this is an important right. But that's not the way that forfeiture works in Illinois in that plain error doctrine exists to answer that question of is this right too important for forfeiture to apply. And our first question under plain error is, was there a plain and obvious error? And the State says no because the motion wasn't before the court legally or was not properly before the court. Therefore, no ruling was required. And from the outset, there's no error. And the fact that this hybrid representation bar has existed for a long time, that the only known exception to the only exception to it that's been identified is for ineffective assistance, to call the an extension of that exception to this new field of the motion to substitute a plain and obvious error seems to go against what plain and obvious means because it would require this court to make new law to call it an error in the first place. But even if this court were to decide that the failure to rule on this motion was plain and obvious error, defendant still then has to meet the second prong of plain error because they forfeited any argument that the first prong of closely balanced evidence applies. And this Court has made clear second prong of plain error equals structural error. The only way you get past forfeiture under the second prong is if structural error occurred. And it has been equally clear that structural errors only occur if the error necessarily renders a criminal trial fundamentally unfair or an unreliable means of determining guilt or innocence. Another way the Court has put it is that if a procedure is not required in every case, then it is an essential element, and therefore it's not second prong of plain error. So as an initial matter, Section 114-5A, this automatic substitution of a judge without any proof of bias, merely on defendant's subjective perception of bias, is not necessary for a fair trial because the mere allegation that bias exists does not mean that bias does exist. And so even if defendant felt that the judge was biased, the judge might not be, the trial could continue, and it would still be a fair trial. And this is the perception. I believe perception is important, and that's why the rule exists. That's why the statute exists. But perception is not the underlying constitutional right, which is the important  An individual has the right to a fair trial. The Court would like them to believe they had a fair trial, but the right is not to that belief. And that can be seen, I believe, if you ask any losing litigant in the case, frequently they're going to tell you it was not fair. But that doesn't change the fact the Court has objectively ruled it's fair. And so while it's important for the Court to address perceptions of fairness, ultimately the subjective belief in fairness is not what you have the right to. You have a right to the objective fact that the trial was fair. Counsel, I keep talking about this. Does the fact that defense counsel did ask the Court to continue the motion, is it reasonably inferred that counsel was adopting the motion? No, Your Honor. I would say it's the exact opposite. If counsel was adopting, I think they would have said I adopt. What continuance means is I'm asking for more time to consider it. So the very best which you can take from the continuance is don't decide it now. We'll all look at it again later. Counsel, if you were not adopting the motion, why didn't he withdraw it? One, he did not have to withdraw it, Your Honor, because it wasn't properly before the Court in the first place. So withdrawing it would be unnecessary. Two, I'm not saying counsel might not have adopted it once reviewed it. It's unclear from the record if counsel saw this motion before being called before the Court. So I think the best inference is that called before the Court on the hearing that happens automatically, I think, from the way it was filed, they all realize it's here. Counsel asks for more time. He goes back, speaks with the defendant, and this is inference at this point. He goes back and speaks with the defendant, considers the motion, and sees it's not worth continuing forward. And that's why they never come back to it. And so another thing to keep in mind when deciding whether this was structural error or not is this Court has looked at are there other protections in place, and, in fact, there are. The underlying right to an unbiased judge or finder of fact can be seen in the actual substitution for cause under 114-5D. So, Your Honor, if there's an actual violation, there still exists to defend it separate from the substitution requested in this place, a remedy to address the actual underlying error, and because that exists, because 114-5 does not get to the actual constitutional right underlying it. It merely tries to help with the perception. It itself is not a second-pronged plain error. It itself is not necessary or essential to the criminal trial. Therefore, it's not second-pronged plain error. The forfeiture cannot be overcome, and defendant's claim must fall. And so unless there are further questions, we would ask that this Court reverse the judgment of the appellate court and affirm the trial court's judgment. Thank you. May it please the Court, counsel. My name is Sean Connolly. I'm with the Office of the State Appellate Defender, and I represent Appalachia, Mr. Brian Broussard. The issue before Your Honor today is whether the appellate court was correct to reverse and remand Mr. Broussard's convictions based on the fact that he was tried in front of a judge named in a timely and properly pled motion to substitute judge by right. Counsel, whose responsibility is it to bring the motion to the attention of the judge once it's filed? Our position is that the actual filing of a properly pled motion triggers a duty on part of the judge to transfer the case. So the judge is supposed to go to the clerk's office and rifle through the files and look to see what was filed yesterday and pull out what needs to be done? As the State has suggested earlier, you know, we assume that the judge is aware of the judge's docket. Isn't there a – I know this is specifically true in civil cases, but don't we talk a lot about presentment, about when a motion is presented to the court? I mean, you're assuming that if some – let's say it's a filing. Somebody clicks like this and immediately the judge knows that there's that motion filed and the judge has an obligation to do something about that? Is that what you're saying? I'm saying – I'm saying that in this particular circumstance, these motions are special. These motions are not – So if it's in the clerk's office, red flag it, if it's this kind of motion, somehow they call the judge and say, Judge, you better find out that there's this motion that's been filed. How does that happen? To be frank, Your Honor, I'm not sure how that happens. I've never served as a judge and, frankly, I've never served in the circuit court. But I can – So maybe what happens is it's docketed for a specific day and the judge comes in and looks at what's on the docket today and hears what's in front of the judge in that moment. Isn't that how it usually works? And at that moment, when that judge sees that there is one of these motions and understands that it's been filed and that that filing triggers an obligation to transfer the case, that judge can go no further and must transfer the case. Counsel, let me follow that up. The lawyer for the defendant specifically said, Judge, let's pass this. We – I'd like to continue this. So should the judge have, you know, disallowed the continuance and ruled on the motion anyway? I'm trying to figure out the procedural aspects of this, because obviously once the motion is filed, it has to be brought to the attention of the judge in a specific way, and the judge has to rule on it. So after the lawyer asks for continuance, what happens next? So I agree, Your Honor, actually, that the judge should have – should not have allowed that continuance. In this situation – No, you don't – I didn't say that. I'm asking what happens next. So the judge – the judge, at that point, because a properly pled motion to substitute by right has been filed, and – and it's the filing that triggers the due – triggers both the right for the substitution and the duty to substitute, that judge no longer has any authority to conduct any other business in the case aside from transferring – So a judge can never allow a continuance on a motion for substitution? That would be my position, yes. Yes. As a substitution by right, correct. Because – Even by the lawyer who – who filed the motion? In this case, it was a pro se motion, but I don't know whether – I can't say whether the judge knew that or not. So you're saying, just universally, a judge can never allow a continuance on a motion for substitution? The plain language of the statute tells us – No, that's just a yes or no question, Counsel. That's a yes, Your Honor. The judge – Counsel, in this instance where we have a pro se individual filing this motion while represented by counsel, and perhaps counsel sees the motion, counsel asks for the continuance because counsel's of the opinion that, knowing what I know, if this motion is granted, it's going to this judge, and you're worse off in front of this judge, so we don't need to pursue this because you're better off staying here. But under what you're suggesting, that would not be an option. Correct. Because our position is that this is a right that is personal to the defendant. That the defendant is in the better position to make the decision of whether or not they believe that the judge that they are initially docketed in front of is biased against them. And now we're back to the issue about this idea of who – what does representation mean? Can – generally we say that if there's an attorney that's involved, that only the attorney can be filing motions, correct? Correct. So you're trying to – you're suggesting that in this situation that the – because this right is so important that the defendant can file something on his own that no matter what the trial counsel thinks is the appropriate way forward, that the defendant's – the pro se defendant's position trumps the decision making  Correct. Yes. What do we do with the fact where at the actual moment of the trial, the court has a long, pretty substantial colloquy with the individual defendant, asking what he really wants about a judge – about a jury or a trial in front of this judge. So this is not just, you know, the lawyer filing a piece of paper and waiving the jury. The judge is actually engaging the defendant, saying, do you want me, this judge, to hear your case? And a couple times he says, yes, I do. I want you to hear my case. How do we handle that? Well, our position is that the waiver of the jury was not acquiescing to a trial in front of this particular judge. We know that judicial assignments in Will County, there is a local rule that allows the case to go to any judge at any time. And it would not have been an error, for example, if after Mr. Broussard waived his jury, the case was reassigned. And so, you know, the waiver of the jury is not the same as saying, I want a trial in front of you, Your Honor. At that point, the defendant doesn't have any say in judicial assignments. The only say a defendant has in judicial assignments is this statute that gives them the absolute right to substitute. Counsel, what you're explaining about what happens in Will County is kind of the back story in this case. Didn't the defendant acquiesce to a jury trial in front of that judge? I disagree, Your Honor. Okay. But this discussion would have happened, you know, waiving the jury. And, I mean, we're assuming a lot if we assume the defendant knew that this case could have been assigned to somebody. Wouldn't you think he'd say, yeah, I wouldn't mind a judge hearing this, but I don't want you to hear it. Wouldn't you think he would say that? I disagree, Your Honor, actually, because I think it's a lot to ask of defendants in Mr. Broussard's situation where he filed a motion. He filed a motion, and when you read the motion, the motion is well drafted. He did a good job on this motion. Well, he knew he had this right, but yet he went ahead and had a bench trial in front of the judge that he asked to substitute. Your Honor, he knew that that right had been denied of him. He knew that that right had been denied of him. He had asked for a substitution. The substitution didn't happen. Time goes on. He is a layman. He has an attorney. He has a judge that he's in front of. He is not the authority in that courtroom. So you're asserting that he filed a well-planned motion, so he had the ability to do that. He took the initiative to file something in his case in spite of the fact that he had counsel, but yet now you're saying that because he was self-represented, or thought he was anyway, or whatever you want to call it, he did not know that he should speak up if nothing had happened on his motion? Was he present when his lawyer asked to continue it? He was not. No, he was not. And so was he notified of that action? We have no record of whether he was notified of that action. What we saw at the moment of the waiver, though, the jury waiver, so the colloquy goes, the Court says, and again, have you had sufficient time to discuss with your counsel the good, the bad, the ins and outs of going jury versus bench? She's been very thorough. The Court, not surprised. It is your desire, Mr. Boucher, today that you wish to submit this case to the Court as a bench trial and waiving your right to a trial by a jury. Is that correct? I do, yes. So the colloquy is, Judge Astin, have you talked to your lawyer about this, about all the ins and outs and good and bad of going to a bench trial rather than a jury trial? And he made that pretty clear waiver of jury and presentation to this judge. I agree that he made a clear waiver of the jury. I do not agree that he made a clear acquiescence to a trial in front of this judge. The Court, again, Mr. Broussard is a layman. And even within the law, we recognize that the judge is not the Court. The Court does not mean that he is asking for a trial in front of the Honorable Judge Sarah Jones. I would like to talk a little more about why we believe this is a personal right and something that Mr. Broussard could express himself to the judge and why that triggers or should have triggered some action here. The right to transfer judges has been treated as personal to the defendant throughout its history. It's similar to, for example, a motion alleging ineffective assistance. And it's similar to other decisions that are personal to the defendant. Since at least 1993, in the Lackland case, the appellate court has explicitly recognized that this is a personal right, so much so that the defendant bears a personal responsibility to assure that the right is exercised in situations in which they believe that the judge is biased against them. And it's consistent with the analysis of that right historically. Now, most of the cases have to do with the timing of the motion, but the analysis in those cases consistently focuses on when the defendant learned personally of the judicial assignment, not when, for example, counsel learned. So the right has always been centered on the defendant personally. Now, in terms of hybrid representation, a motion to substitute by right is similar to a motion alleging ineffective assistance of counsel, because both of these motions have the potential to pit counsel's interests against the defendant's. So Justice Counsel can be expected to argue their own ineffectiveness, cannot be expected to argue their own ineffectiveness. They can't be expected to accuse a judge they appear in front of on a regular basis of bias. And we see this dynamic in the case law, and we see it, for example, in the Goldsmith case, which is, again, out of Will County, the same case that we're discussing now, where the judge in that courtroom believed that such motions were a part of a ploy to undermine his authority, and that's the context, the environment in which that attorney refused to file the motion, putting competing interests against those of the defendant. In terms of these other decisions that are personal to the defendant, the decision to substitute is similar to those other decisions for a number of reasons, and most broadly, because it's related to the defendant's objective of obtaining a fair trial, but not so much about the strategic and tactical means of achieving an acquittal within the courtroom. It also doesn't occur in the context that favors giving the decision to counsel. Counsel is not in a better position here. For example, look at the reason why the decision to look at peremptory to use peremptory challenges is reserved for counsel. It's because their effective use depends on counsel's superior expertise in professional judgment, which has to be exercised as a split-second decision inside the courtroom, while the decision to substitute is premised not on counsel's superior experience, but on the defendant's good-faith belief that the judge is biased. And it can be exercised out of court with the advice of counsel and with the lecture of deliberation. So the status quo, the way that we have treated these motions since they became part of our practice, has been focused on the defendant and what the defendant wants from the trier of fact. And it's notable, too, that the case law, particularly the Goldsmith case, is from the third district. This was the law. This is the law in the third district, that Mr. Broussard has the obligation to make sure that this happens. And he did it in this case by filing this motion. And it's true that he was not present when it was addressed. But, again, it's also true that he's a layman and he has, you know, he is not a voice of authority in that courtroom. His objection here was the motion. In terms of counsel adopting the motion, had counsel adopted the motion, implicitly that, too, would have triggered this duty to transfer the case. Because the judge's role in these, with regard to these motions, the statute does not refer to allowing or granting the motion. And it doesn't allow for a hearing on the motion. It requires, once a proper motion has been filed, that the court proceed no further but to transfer the cause to a judge not named in the motion. Counsel, could you respond to your opponent's assertion that this was not a properly filed motion? I mean, you haven't talked about that. But can you respond to that? Because we agree that the defendant was represented by counsel, yet he filed this, as you put it, well-drafted pro se motion. How should we treat that? Is that a properly filed motion? Yes, Your Honor, it is. And why is that? Because, again, this is a personal right to him. He has a responsibility to exercise his right. So in every case, if the defendant feels that he has a personal right, he can file pro se motions and the court has to consider it? I mean, I'm not sure what the line of demarcation is between when that's okay to do and when it's not. It's okay to do it here. And why is that? Because these motions, again, these motions are special. These motions give defendants a fundamental and absolute right to substitute Is there any, do you have any authority that says what you're just, what you're telling us? We have the Lackland case. We have the Goldsmith case. Again, we have And do those cases say that it's okay for a pro se defendant to file motions when he's represented and the court has an obligation to follow up on that motion? I believe that they do, Your Honor, yes. This, these motions are, these motions are the way that we, that we enforce this fundamental right to a fair trial. And again, from the beginning of when these motions have become part of our practice, they have focused on the defendant's individual good faith belief that the judge they are assigned to is biased against them. Counsel, was the defendant represented by a private attorney or by a public defender? I believe it was a public defender. And, and interestingly, after, after the public defender asked for the, for the motion to be continued, there were further continuances. And once the parties convened again, the record shows that this attorney had forgotten that the she had advanced the case, it appears, rather than implying that the part that she went back and discussed this motion with Mr. Broussard. The record to me suggests that this, that she simply forgot about this motion and, and neglected to bring it up again. And again, the question is, what is Mr. Broussard meant to do? In this situation, having, having asked to transfer the, the, the judge, having been ignored for months to come into the courtroom, where again, he is in the custody of Will County. He is not in a position of power in that courtroom to expect him to speak up, I believe is asking too much of that defendant. All right. If there are any other questions, thank you very much, Your Honors. We respectfully request that you affirm the, the appellate court. Thank you, Your Honor. I'd like to briefly note first that the defendant there has not made any argument about how this was second pronged plain error. And I bring that up because even if he's right about the hybrid representation bar, even if he's right that abandonment doesn't apply, and even if he's right that some error occurred, he still has to get over that second prong, and he's given you no argument today, and I've already addressed some of the arguments he made in his brief. But turning to what he has addressed, defendant would like you to think that a motion under section 114-5 is some special, unique motion that sits up on top of a hill like a boulder, propped up by a stick, and the defendant himself is the only person who can kick that stick out, and once they do, that boulder rolls no matter what happens. Defendant can't stop it, defense counsel can't stop it, and the judge can't stop it. And that just can't be the way the legislature intended for this to happen. Defendant chose to have an attorney. That attorney is the one in the best position to recognize whether or not the judge is someone they would like to seek a different judge from. That's because unlike defendant, particularly with a public defender, this lawyer is both trained in the law and in that court every day, every week. They know the judges better than a random defendant would, and that's why defense counsel's advice and strategic planning when making that decision serves defendant better than having defendant have to make that motion themselves, even when represented by counsel, even when they've asked to be represented by counsel. But even if that were the case, in arguing that this is personal, defendant just said several times that it is defendant's personal responsibility, even when represented by a lawyer, it is their personal responsibility to bring it before the court. And if that's true, defendant should have done it. He should have spoken up. He should have spoken up in the colloquy with the court when the court said, I'm going to be handing it, said the court's going to be having this trial before you. If defendant could craft this complicated legal argument, did have the skill to do that, the skill to take this responsibility upon themselves, why do we suddenly stop believing in defendant when they're having an actual face-to-face discussion with the judge? It doesn't make sense. And with that colloquy, while the court says the court, and defendant never says, and defense counsel never says, we want this trial before you, what they do say is, we want this trial before a judge, and follow it up with, judge, when are you free? So the words aren't there, but the only inference there is that they're asking for a trial before this judge, and that's what's going to happen, even if there's some possibility based on the way trials work in Will County that it might get transferred. What they are asking for is to set a date certain for a trial before that judge. And they didn't, and so they didn't really want any more, it seems, to challenge Judge Jones. And with that, I think, unless the court has any further questions, I would ask again that it reverse the judgment of the appellate court and affirm the defendant's conviction. Thank you. Thank you very much, counsel, on both sides, for your arguments on this matter. Agenda number seven, number 128474, people of the state of Illinois versus Brian Brousseau will be taken under advisory.